IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| B.G. by his next friend, J.A.G. et al<br><br>Plaintiff(s),<br><br>v.<br><br>Claypool et al<br><br>Defendant(s). | Case No. 15 c 6372<br>Judge Virginia M. Kendall |

## ORDER

For the reasons outlined below, the Court grants Defendants' motion to dismiss all claims against Chicago School District 299 and Forrest Claypool and denies their motion to dismiss the claims against the remaining Defendants. (Dkt. No. 22.)

## BACKGROUND

J.A.G. is the mother of B.G., a 14-year-old student in the Chicago Public Schools. (Dkt. No. 1 at ¶¶11, 14.) B.G. qualifies for special education based on a learning and emotional disability. *Id.* at ¶11. B.G.'s father died in April 2014. *Id.* at ¶14. In August 2014, B.G. was informally moved to a new classroom that focused on teaching students with dyslexia. *Id.* at ¶17. That month the Chicago School District 299 received permission to assess B.G.'s classroom transfer based on his educational needs, particularly in the areas of health, hearing, social emotional status, intelligence, academic skills, communication status, and fine and gross motor abilities. *Id.* at ¶¶18, 21. The assessment was reported to B.G.'s Individualized Education Program on October 9, 2014 and an IEP was developed based on the report and requests made by J.A.G. and counsel. *Id.* at ¶¶24-25.

J.A.G. subsequently requested an Independent Educational Evaluation of B.G. at public expense. *Id.* at ¶28. On October 22, 2014, the District refused to fund an IEE of B.G. and filed a hearing request to defend the appropriateness of its assessment under state and federal law. *Id.* at ¶27. Thereafter the parties learned that a new hearing officer, Janet Maxwell-Wicket, was assigned to B.G.'s case. *Id.* at ¶28. Hearings about the appropriateness of District's assessment were held in order to determine whether B.G. was entitled to an IEE at public expense. *Id.* at ¶29. Maxwell-Wickett then issued a Final Determination and Order on March 23, 2015 finding that the District met its burden of proving that the assessment of B.G. during fall of 2014 was appropriate. *Id.* at ¶¶11-12; Ex. 1. B.G. and J.A.G. filed the Complaint seeking review of the administrative decision issued by Maxwell-Wickett under the Individuals with Disabilities Education Act ("IDEA"). *Id.* at ¶1.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. v. Twombly*, 550 U.S. 544, 555, (2007) (citation omitted). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). At this stage, all well-pled facts are taken as true and viewed in the light most favorable to the plaintiff. *See Hatmaker v. Mem'l Med. Ctr.,* 619 F.3d 741, 743 (7th Cir. 2010). But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

## DISCUSSION

### I. All Claims against Defendants Chicago Public School District 299 & Claypool Are Dismissed

Defendants move to dismiss the District and Claypool as Defendants. Plaintiffs agree to dismiss all claims the District and Claypool from the action. The Court therefore grants Defendants' motion to dismiss all claims against the District and Claypool.

### II. The Complaint States a Claim under Rule 8(a)(2)

Defendants move to dismiss Paragraphs 15, 19-20, 22-26, 28-29, 31, 35-37, 39-47, 50, 52, 56-58, & 60 in the Complaint for failing to provide them notice of the claims asserted because they do not provide a short and plain statement of the claims. Plaintiffs assert that those paragraphs survive a motion to dismiss because they contain ample information to constitute fair notice of the claims and give helpful background information.

A Rule 12(b)(6) motion is not the appropriate vehicle to object to certain paragraphs of the Complaint as 12(b)(6) is a "defense to a claim for relief" and not a motion to strike to certain paragraphs of a complaint. Instead, Defendant should have moved to strike a pleading under Rule 12(f) as "redundant, immaterial, impertinent, or scandalous[.]" *See, e.g., Gray v. Degussa Corp.*, No. 02 C 7209, 2006 WL 59389 at *1 (N.D. Ill. Jan. 6, 2006) (finding 12(f) is proper mechanism for striking paragraphs in complaint). Seeing as the Defendants moved for dismissal under 12(b)(6) for failure to state a claim, the Court will treat it as a motion to dismiss the Complaint in its entirety.

In order to survive a motion to dismiss, a complaint must contain a "short and plain statement of the claims" such that the defendant has fair notice of the claims and the allegations on which they rest. *See* Rule 8(a)(2); *Twombly*, 550 U.S. at 555. Admittedly, the 50-page Complaint is lengthy and full of legal conclusions that the Court will not accept as true. *See Twombly*, 550 U.S. at 555. Nonetheless, the Complaint states more than sufficient factual allegations to provide the Defendants notice of the claims. It contains the names of the parties involved, dates and outcomes of the assessments and the hearing decision that Plaintiffs are challenging, and the

statute that is the basis for the cause of action: the IDEA. The Complaint specifically states that it seeks relief from Maxwell-Wickett's decision not to grant B.G. an IEE paid for by public funds. Furthermore, it lists the relief requested as asks the Court to:

1. Determine that student is entitled to reimbursement for a psychological evaluation conducted by Dr. Ari Goldstein.
2. Determine that student is entitled to reimbursement for a speech and language assessment conducted by Mara Lane.
3. Determine that student is entitled to funding for an independent occupational therapy assessment.
4. Determine that student is entitled to funding for an independent physical therapy assessment.
5. Determine that student is entitled to an independent assessment in the area of Spanish language skills.
6. Determine that student is entitled to an independent social work assessment.
7. Determine that student is entitled to an independent nursing assessment.
8. Determine that student is entitled to an independent assistive technology assessment.

The factual allegations in the Complaint raise the Plaintiffs' "right to relief above a speculative level…on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555. Considering that the Complaint alleges many detailed facts, it satisfies Rule 8(a)(2)'s requirement that a complaint must "contain a minimal level of factual detail, although that level is indeed very minimal." *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 779 (7th Cir. 2007). Accordingly, the Court denies the Defendants' motion to dismiss the Complaint under Rule 12(b)(6) for failing to provide a short and plain statement of the claims.

### III. Exhaustion of Administrative Remedies

Defendants move to dismiss the Complaint for the additional reason that Plaintiffs failed to exhaust administrative remedies as required by the IDEA. They contend that Plaintiffs did not allow the Illinois State Board of Education the opportunity to conduct its own evaluations and thus cannot bring a claim under IDEA because they still have administrative remedies available. In response, Plaintiffs argue that they have exhausted administrative remedies and that they need not anticipate an affirmative defense like failure to exhaust administrative remedies in the Complaint.

Exhaustion of administrative remedies is an affirmative defense that is usually not resolved on a motion to dismiss because the plaintiff "ha[s] no obligation to allege facts negating an affirmative defense in her complaint." *Mosely v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006) (citations omitted). However, the Court may consider an affirmative defense at the motion to dismiss stage when the defense is "so plain from the face of the complaint[.]" *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *see also Mosely*, 434 F.3d at 533 (finding that parties may "present certain arguments through a motion to dismiss…under Rule 12(b)(6), if the allegations of the complaint in the light most favorable to the plaintiff show that there is no way that any amendment could salvage the claim.").

The Complaint details the process that Plaintiffs followed in seeking an IEE by public expense and attaches the Final Determination and Order issued by Maxwell-Wickett finding that the District's assessment was appropriate. At this stage, the Court considers whether Plaintiffs clearly failed to exhaust administrative remedies based on the face of these documents. *See Walker*, 288 F.3d at 1009. Under federal law, if a parent requests an IEE at public expense, the "public agency must…either--(i) File a due process complaint to request a hearing to show that its evaluation is appropriate; or (ii) Ensure that an independent educational evaluation is provided at public expense, unless the agency demonstrates in a hearing pursuant to §§ 300.507 through 300.513 that the evaluation obtained by the parent did not meet agency criteria." 34 C.F.R. § 330.502(b)(2)(i-ii). Furthermore, "[i]f the public agency files a due process complaint notice to request a hearing and the final decision is that the agency's evaluation is appropriate, the parent still has the right to an independent educational evaluation, but not at public expense." § 330.502(b)(3). The Complaint alleges that J.A.G. as parent to B.G. requested an IEE of B.G. at public expense and the District initiated hearings to defend the validity of its assessment. It states that Maxwell-Wickett reviewed the District's assessment and concluded that it was appropriate. It is thus not "so plain from the face of the complaint" that the Plaintiffs did not exhaust their administrative remedies. *Walker*, 288 F.3d at 1009. They requested an IEE at public expense and the District held hearings to defend their assessment; these are the procedures established by law for a parent to have a right to an IEE at public expense. When Maxwell-Wickett determined that the District's assessment of B.G. was appropriate, the Plaintiffs had no further administrative remedies to access. The Court therefore denies the Defendants' motion to dismiss the Complaint for failure to exhaust administrative remedies.

## **CONCLUSION**

For the reasons stated above, the Court grants the Defendants' motion to dismiss all claims against Chicago Public School District 299 and Forrest Claypool and denies their motion to dismiss the claims against the remaining Defendants. (Dkt. No. 22.)

Date: 2/12/2016

Virginia M. Kendall
United States District Judge